

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:                    Opinion No. O-3030
                             Re: Salary of deputy district clerks
                                 of Travis County.

        Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

        "I have been requested by Mr. Geo. H. Templin,
District Clerk of Travis County, Texas, to get an
opinion from you as to whether or not Opinion No.
O-2582, re: Officer's Salary Law, is applicable to
the deputies which he employs in his office.

        "I refer you to Article 3902, Section 5, Re-
vised Civil Statutes, which applies to Travis County,
Texas, in reference to population."

        Article 3902, Vernon's Annotated Civil Statutes, reads
in part as follows:

        "Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commission-
ers' Court of his county for authority to appoint
such deputies, assistants or clerks, stating by
sworn application the number needed, the position
to be filled and the amount to be paid. Said ap-
plication shall be accompanied by a statement
showing the probable receipts from fees, commis-
sions and compensation to be collected by said
office during the fiscal year and the probable
disbursements which shall include all salaries
and expenses of said office; and said court shall
make its order authorizing the appointment of
such deputies, assistants and clerks and fix the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

compensation to be paid them within the limita-
tions herein prescribed and determine the number
to be appointed as in the discretion of said
court may be proper; provided that in no case
shall the Commissioners' Court or any member
thereof attempt to influence the appointment of
any person as deputy, assistant or clerk in any
office. Upon the entry of such order the offi-
cers applying for such assistants, deputies or
clerks shall be authorised to appoint them; pro-
vided that said compensation shall not exceed
the maximum amount hereinafter set out. The
compensation which may be allowed to the depu-
ties, assistants or clerks above named for their
services shall be a reasonable one, not to ex-
ceed the following amounts:

"....

"5. In counties having a population of one
hundred thousand and one (100,001) and not more
than one hundred and fifty thousand (150,000)
inhabitants, first assistant or chief deputy
not to exceed Twenty-six Hundred ($2600.00) Dol-
lars per annum; heads of departments may be al-
lowed by the Commissioners' Court, when in their
judgment such allowance is justified, the sum
of Two Hundred ($200.00) Dollars per annum in
addition to the amount herein allowed, when such
heads of departments sought to be appointed shall
have previously served the county or political
subdivision thereof for not less than two con-
tinuous years; other assistants, deputies or
clerks not to exceed Twenty-three Hundred ($2300.00)
Dollars per annum each."

Opinion No. 0-2582 of this department deals with
the salaries of the county officials of Travis County, Texas,
under the officers' salary law and does not deal with the
salaries of deputies, assistants and clerks under Article
3902, Vernon's Annotated Texas Civil Statutes. We enclose
herewith a copy of Opinion No. 0-2582.

Honorable [illegible] T. Holt, Page 3

You are respectfully advised that it is the opinion of this department that Section 5 of Article 3902, Vernon's Annotated Texas Civil Statutes is applicable to the situation set forth in your letter and that Opinion No. 0-2502 of this department is not pertinent to nor applicable in any way to the question of the determination of the salaries of deputy district clerks of Travis County, Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVED JAN 13, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [illegible]
CHAIRMAN